Richard J. Cardamone, J.
This is a motion made by the plaintiff, Robert W. Blouin, a judgment creditor, to obtain funds *229 under a property execution which he holds against the defendant corporation.
The plaintiff is a real estate broker and claims a balance due him from the defendant corporation in the amount of $975 which arose out of the sale of a house and lot. The plaintiff obtained a default judgment against the defendant, Crestwood Estates, Inc., when the latter defaulted in answering. The Fulton Savings Bank of Fulton, New York (hereinafter referred to as “ Bank ”) holds, as mortgagee, a mortgage in the amount of $16,400 on property owned by Bichard McGee and his wife, dated March 5, 1966 and recorded that day in the Onondaga County Clerk’s office. Advances made by the Bank totalled $15,400. The Bank is holding back the sum of $1,000, awaiting disposition of certain liens, one of which is an assignment of certain funds by Crestwood Estates, Inc. (judgment debtor) to Martisco Corporation on August 15, 1966, as well as several mechanics’ liens filed against McGee and wife. Authorization to pay mortgage advances to Crestwood Estates, Inc. had been given by McGee and wife to the Bank on March 2, 1966. The judgment creditor has moved here to obtain funds which it claims are due and owing to the judgment debtor from the Bank and which are in the Bank’s hands.
The motion will be denied. There is no evidentiary showing that there were funds actually owing to the judgment debtor from the Bank. Clearly, the judgment creditor’s rights are no greater than the judgment debtor’s rights in these funds. It is stated in the mortgage instrument itself ‘‘ that the making of further or future advances, if any, shall be entirely optional with the mortgagee ”. It therefore follows that the plaintiff’s right to enforce its judgment is limited by the bank’s contractual right to withhold payment on the advances to the judgment debtor. (Hickey Co. v. Port of N. Y. Auth., 23 A D 2d 739, 740 [1st Dept., 1965]).